UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. **12-CV-22920-GRAHAM**

IN ADMIRALTY

**ITC SHIPS HOLDING B.V.**,

    Plaintiff,

-against-

**ASTIVENCA C.A. a/k/a ASTILLEROS DE VENEZUELA C.A. a/k/a ASTIVENCA ASTILLEROS DE VENEZUELA C.A.**,

    Defendant,

_____/

**ANSWER TO SUMMONS AND PROCESS OF MARITIME ATTACHMENT AND GARNISHMENT OF GARNISHEE ASTIVENCA INC.**

Garnishee Astivenca Inc. (hereinafter, "Garnishee") pursuant to the Federal Rules of Civil Procedure, the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, and the Local Rules for the Southern District hereby serves its Answer to the Summons and Process of Maritime Attachment and Garnishment (hereinafter, the "Maritime Attachment and Garnishment") dated August 15, 2012, which was issued pursuant to the Verified Complaint of the Plaintiff ITC Ships Holding B.V. (the "Plaintiff"), and which upon information and belief was served on August 20, 2012, and hereby alleges and responds and follows:

    1.    As of the date the Maritime Attachment and Garnishment was served on the Garnishee, and at all times material herein between the date of said service and the date of the

Answer to Summons and Process of Maritime Attachment and Garnishment
CASE NO. 12-CV-22920-GRAHAM
**Page 2**

service of this Answer, the Garnishee was not indebted for any reason or for any amount to the Defendant Astivenca C.A. a/k/a Astilleros de Venezuela C.A. a/k/a Astivenca Astilleros de Venezuela C.A. (hereinafter, the "Defendant").

2. As of the date the Maritime Attachment and Garnishment was served on the Garnishee, and at all times material herein between the date of said service and the date of the service of this Answer, the Garnishee has not had possession or control of any tangible and intangible personal property of the Defendant, including, but not limited to, any checking, savings, or investment accounts and the contents of any safe deposit box.

3. As of the date the Maritime Attachment and Garnishment was served on the Garnishee, and at all times material herein between the date of said service and the date of the service of this Answer, the Garnishee has not known of any other person who is or may be indebted to the Defendant, or who is or may be in possession or control of any of property of Defendant.

4. Garnishee has retained the undersigned attorney and agreed to pay him a reasonable fee for his services herein and demands payment of the fee deposited with the clerk.

WHEREFORE, having answered the Maritime Attachment and Garnishment of the Plaintiff, the Garnishee prays that the Court release the fees deposited by the Plaintiff with the Clerk of the Court for payment of a portion of the Garnishee's attorneys fees, that the Garnishee be permitted to hence without day, and such further relief as the Garnishee may be otherwise entitled to under the applicable law.

Answer to Summons and Process of Maritime Attachment and Garnishment
CASE NO. 12-CV-22920-GRAHAM
**Page 3**

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that I electronically filed the foregoing with the Clerk of Court using CM/ECF and that a true and correct copy of the foregoing was served via CM/ECF and/or via U.S. Mail and FAX on this 24th day of September, 2012, on all counsel and/or parties of record named below.

> WALROTH-SADURNI LAW
> 5201 Blue Lagoon Drive
> Penthouse 970
> Miami, Florida 33126
> Telephone No. 305.629.3644
> Facsimile No. 305.675.2331
> E-mail: walroth.s@walsadlaw.com
>
>       s/Stephen P. Walroth-Sadurni
> By: _____
> Stephen P. Walroth-Sadurni, Esq.
> Florida Bar No. 442569

## SERVICE LIST

CASE NO.: 09-23103-CIV-HUCK/O'SULLIVAN

**Brian A. Briz, Esq.** (Florida Bar No. 657557)
Holland & Knight LLP
701 Brickell Avenue
Suite 3000
Miami, Florida 33131-2847
Tel.    305.789.7723
Fax    305.789.7799
e-Mail: brian.briz@hklaw.com